The next case is Odyssey Logistics and Technology Corporation v. Patent Office 2019-1066. Mr. Bauer. Good morning, Your Honors. May it please the Court. I think this case can be resolved through a simple analysis. The District Court dismissal of the action should be reversed because it's based on the erroneous conclusion that the Board's proceedings was ongoing at the time that the action was filed. In fact, the Board's proceedings had been concluded by virtue of a decision by the Board on April 29, 2016, which was a final decision in the proceeding terminated pursuant to the Office's regulation, and the Board lost jurisdiction of the proceeding when the time period for it to appeal to this Court or to any party to appeal this Court lapsed. What time period are you referring to when the Board rejected the examiner's decision, that first rejection? I'm referring to the Board's decision reversing all of the examiner's substantive rejections that was made on April 29, 2016, on the basis that the references were not, in fact, private parts. And you argue that the case should have ended there, that the examiner should have just simply issued the certificate. One of our requested remedies is a notice of allowance. The Office regulation requires the examiner to carry that decision into effect. That decision reversed the examiner. So the next step is for the examiner to allow the case. And what happens... Doesn't their internal procedures also allow for a reconsideration request by the examiner? Yes. So they can do a request for rehearing, and that's been done. But that presumes that it is a timely request for rehearing. The previous periods... Where is the time period for rehearing set forth? And where is it a... Any kind of statutory bar for them to seek rehearing? Is there any time period for them to seek rehearing? Well, I would say that at this point, the time period is... They can file while the Board has jurisdiction. So originally, the time period was one month, and then it was changed to two months in 1995. And is that... The current regulation does not refer to a request for rehearing by the examiner. It says the appellant may request rehearing, and it's silent as to what the examiner can do. But to answer your question, there is nothing which prohibits a request for rehearing filed by the examiner. Our contention is when the proceeding is over and the Board does not have... But how is the proceeding over? It has to go back to the examiner anyway, even under your scenario for allowance of I'm sorry, I'm referring to the Board proceeding. The Board proceeding is over, and by the office's own regulation, it no longer has jurisdiction. It's in this 41.35. Jurisdiction passes back to the examiner when the time period for appeal lapses. How does that prevent the examiner with the proper approvals from requesting the Board to reconsider its decision? Well, that raises the question of what is the statutory authority? Because the statutory authority for the Board proceeding comes from the appellant's right to appeal. Why aren't we talking about the Board's authority? Why aren't we talking about the director's authority to seek reconsideration of that decision? And that's what's going on here, is that this has gone back to the examiner. The examiner's looked at it. He's gotten the proper approvals from his higher level supervisor that he thinks there's a problem that the Board didn't address all the arguments or that his decision is wrong, so he or she has asked the Board to reconsider. Isn't that a proper function of the director and his designee? No, I believe it's not, Your Honor. And what statute bars that? Well, if I may, Your Honor, I would argue what statute enables the director to do that. Well, the director has broad authority over these examination cases. I would think he would have to find, and the director seems to have regulatory authority given to himself, or the MPE procedures, whatever they are, to do this kind of thing. So what statute bars that? The director has broad authority over the examiner. But we know, as recently as in the Arthrex case, that the director cannot overcome or change a decision of the Board. Neither the director or the examiner... He's not trying to overrule the Board. He's asking the Board to reconsider them. Well, I would argue that this is not a request for a hearing. This is a request to reopen a prior determination that was final, and it's an end around the prohibition of the... You want to say it's final, but you have to point me to some statutory authority that says the director can't do this kind of reconsideration. Well, I would say... I'm only speaking to the timeliness of it. I would say the time limit in a statute or regulation prohibits the examiner from seeking reconsideration unless it's done within a certain amount of time. Well, I would argue, Your Honor, that the Board proceeding had ended. There was no longer jurisdiction. And what is actually at issue here, if I could explain, is the consequences of the finality of that decision. And in the Patent Office brief, the office actually consented that Board decisions should be viewed as having the same type of finality that district court decisions have. And there are prohibitions, and there are consequences to a final decision. The examiner had every opportunity to make whatever arguments that they wanted to, and they didn't. And what is coming to happen then is when this decision was received, and it reversed the examiner's, this decision was forwarded to the examiner in a continuation application with the notice that these references are not prior art. And therefore, we are entitled to allowance of these applications. The examiner could not deny the estoppel of the decision. They had no authority to disregard the decision. Neither the director or the examiner can appeal from that decision. But they're not doing either. They're asking the Board to reconsider. Well, rehearing, every instance in which there has been a rehearing, the rehearing has been timely. This is in effect. You keep saying it's been timely, but you continue to fail to point to me to any statute or regulation that dictates timeliness. What do you mean by timeliness? Are you alluding to the fact that the Board's decision becomes final and appealable to us after a certain amount of time? No, I'm referring to the Patent Office regulation, which says that the Board's jurisdiction to act ends, and it's returned to the examiner. I fail to understand why you keep talking about the Board's jurisdiction to act after a certain time period, because this is not the Board sui sponte reconsidering or ordering it. It is the examiner, after the case has come back to it, via the director, asking for the Board to reconsider. Where is the time prohibition on that? My only basis, Your Honor, is the fact that the Board no longer has jurisdiction of that In the response to our petition, the Board said that jurisdiction is being returned to the Board by the examiner, implying that the examiner has the authority to confer jurisdiction on the Board to decide cases. Isn't that correct? If the examiner has authority to seek reconsideration from the Board at any time after a final Board decision, while it's still pending with the Board, and that's a perfectly fine exercise of the director's discretion, then isn't it something that the Board has to consider? Respectfully, Your Honor, our argument is no, the Board does not have... I know that's your argument, but you have failed to cite a single statute or regulation that prohibits the director. I would also, I would again point to the precedent of this Court, which says that the director and the examiner cannot appeal that decision. It's not an appeal. We agree with you. The director could not have appealed the Board's decision to us saying the Board got it wrong, reverse. It's a reconsideration of the Board's decision, and unless you have something that says the director's prohibited from that, I think the director's got rules and regulations that allow him to do it. Well, turning to the current version of the regulation, it does not authorize that, but if it is within the authority or permissible authority of the director without regulation, yes. I think this is the one I have to argue against this because in this case, then, there is nothing, no time limit on the request for a re-hearing. It could be filed five years later after we have a Board decision. Let me also remind the Court that this is after 12 years of prosecution, that Odyssey Logistics went to great lengths to satisfy all of the requirements with the examiner, finally got to the point where there's a decision, and the examiner wants to do a do-over. If you look at the, there is no reasons given for the request for a hearing. Almost every tribunal which entertains requests for a hearing wants an explanation. Why are you requesting it? Is it just that you lost in argument A, now you want to make argument B? Is it because you want to introduce new evidence? Can I ask you a separate question? Putting aside the merits of this, whether they're allowed to do it or not, why is there even a final agency action that's appropriate for APA review in the District Court? I mean, what, the agency hasn't yet decided this reconsideration, and if you think that this whole process is wrong, at the final Board decision, you can appeal and say this was arbitrary and capricious, it never should have happened, and we should get whatever you want from that. On issues respecting the patentability of the claims, the Board's decision is the agency's final decision. Yes, but now it's under reconsideration, or it should be. Only because the examiner requested that five months later. Again, I'm trying to put aside the merits of that question and determine. I mean, you could still get all the relief you want if the Board rejects the reconsideration and says, no, we're sticking by our original decision to allow these claims. Yeah, I'll address that. The analogy to this is that there are consequences. One is to a decision. One is, you know, issues estoppel, that the issues have been decided and they should be applied. That's the merits again. That doesn't go to the final agency action question. And two is efficiency of process and to avoid re-litigation. You know, if this was in a district court and you had a judgment. That's the argument everybody makes in APA cases when they don't want to wait for final agency action, that it's not efficient, that the issue has been sufficiently decided and the court should go ahead and rule on it. That's not good enough under basic administrative law. Well, none of those cases involve a situation in which the Board reached a decision addressing all of the merits and the time and the jurisdiction the proceeding ended with that final decision in place. The day before the examiner submitted that request for rehearing, what would you say would be the status of the proceeding on that day? You would say there was a final decision by the Board. It's been five, six, eleven months, however long it's been. It's final. Yeah, but as soon as the examiner, assuming he has the authority to seek reconsideration, and just assume he does. I know you don't agree with that, but assume he does. As soon as he seeks reconsideration or she seeks reconsideration, it's no longer final. Well, you got to wait until the outcome of that reconsideration. But the right to entertain the Board to have the review is the right of the appellant, and it's not the right of the examiner. The examiner can't bring in the Board whenever the examiner wants to bring in the Board. It's the appellant's right to have an appellate review by the Board, and once that is done and completed and final, that proceeding is over. Counsel, you're well into your rebuttal time. We'll give you two minutes for rebuttal. In the meantime, let's hear from Mr. Sowert. Thank you. May it please the Court, Peter Sowert here in the capacity as Special Assistant U.S. Attorney on behalf of the Director of the Patent and Trademark Office. Odyssey Logistics may one day wind up properly before this Court to raise the merits arguments that it wishes to raise now, but it has arrived here in an untimely manner and on the wrong path. Precisely as the argument has already demonstrated, the District Court correctly found that the merits are not appropriate for consideration in this time. The District Court properly dismissed all three counts of Odyssey's APA complaint for lack of jurisdictions lacking as to both counts 1 and 2 regarding the 678 and 603 patent applications. Hypothetically, don't we kind of have to decide whether the Director has authority to seek reconsideration before we determine whether there was a final agency action here? I mean, if the Director actually doesn't legally have authority to seek reconsideration in the way it did here, then isn't the original Board decision the final Board decision, and therefore there's a final agency action? I guess your argument there would be he'd be out of time to seek review of that original Board decision. Well, respectfully, the original Board decision was fully favorable to Odyssey Logistics, and that is why the examiner chose to seek reconsideration. I mean, I know you've got all these non-final things, and it seems to me that they're pretty good arguments, but what is this? Because your friend on the other side was very vague about this. What is the Director's authority to seek reconsideration? Do you call it reconsideration or rehearing of the awards final decision? Rehearing, but that's memorialized in the Manual of Patent Examining Procedure 1214.04. It specifically lays out that the examiner may seek reconsideration. Is there a time limit on that? There is not a time limit. The language of the rule says that the request should normally be made within two months, but that's a guideline, and this process is unusual, and it requires very high levels of approval. The examiner has to get the approval of both the Technology Center Director and the Office of the Deputy Commissioner of to make those arguments persuasively. And for how long did it take here? It took roughly five months. The board decision reversing the examiner issued on April 29, 2016, and the examiner mailed the rehearing request along with the notice that ODYSSEY would have the opportunity to respond on September 23, 2016. And has ODYSSEY ever responded apart from filing these APA cases? Eventually, it did file a brief under protest. And so what's going on now? Is it at the board under reconsideration, or are they staying based on this appeal? It stayed based on the APA and the board decision. And returning to your original question, your honor, I think that the... Counselor, I'm looking at the MPP-1214. It says that a complete reversal of the examiner's rejection brings up the case for immediate action by the examiner. It says immediate action, and later it says that the examiner may request the rehearing of the board decision. Such request should be made within two months. Is two months a hard and fast type deadline? No, the... It is made, doesn't it? The precise language of the MPP provision says such a request should normally be made within two months of the return of the application to the technology center. But what about the language where it says the case bring up for immediate action by the examiner? Right, that means that it's in position for the examiner to take action on the application. The proceedings as of that time are concluded before the board, and the examiner... That would include a request for rehearing? Yes, so there are... So he's supposed to take immediate action. It says that they normally should be made within two months, and here it took how long? It took approximately five months. Does it matter? Could it have taken a year or two years? Under the rule, yes, but I think that there is a time where it's arguable that their prejudice arises for the patent applicant. Five months isn't, in your view, that time? No. What would be the remedy if, in a really bad case scenario, this was pending before the examiner after a board decision for five years, and at the conclusion of five years, the board then issues... Or the examiner, sorry, pending before the examiner after a final board decision, and the examiner after five years seeks rehearing? Right. What is a prospective patent? Respectfully, Your Honor, I don't think that's a question we should be reaching today. It wasn't... Well, I understand, but this is why we're here to test. It normally should be done in two. You did it in five, which may not seem all that unreasonable, but where's the line? And if there's no line in the MPEP, then is there any relief that patent applicants can have? Even if that argument were properly considered in a lawsuit such as this, the district court should pass on that question first. I know, but I'm asking you a hypothetical. You have to answer it. I mean, you don't have to, but you're supposed to answer it. Well, I don't think I should answer that question today because we haven't made those arguments below, and we haven't had full opportunity to make full consideration. Is it a James petition? I think, at a certain point, there is an action under the APA. I mean, the problem with the mandamus petition is you have to show that you have, I forget the exact term, but you have an absolute right to relief. And under these facts, I don't see how you'd ever have an absolute right because, in your view, the examiner has the authority under this to seek reconsideration, and it's, you know, the time boundary is only kind of precary, not mandatory. I think that's right, Your Honor, but I don't think resort to mandamus would be necessary. That's an extraordinary sort of last resort type of remedy, and there is provision under the APA to compel an agency to act, and I think at the time that the examiner has done nothing, they haven't issued a notice of allowance. They haven't reopened examination as they are allowed to do. Contrary to opposing counsel's argument, the examiner is not required to issue a notice of allowance. They have the option of reopening examination of this application. But if they don't do that, and they don't ask for a rehearing, they've taken no action on it for an extended period of time, then the APA allows an action against an agency for failure to act. For undue delay? Yes. Let me ask you a question. Once the examiner requests a rehearing, like we have in this case, is all the time that's spent dealing with the situation that's kicked off by that request, is all that credited back to the applicant under the patent term adjustment statute? Well, we were talking about remedy a while ago. That could be a remedy, correct? It is a possible remedy. And if they were successful on the rehearing, then patent term adjustment does allow for corrections spent on meritorious appeals to the board. But to reiterate, what the district court found is that there is no jurisdiction to get to these questions. There's an adequate alternate remedy. And as this court laid out in previous, the Congress carefully constructed the Patent Act with the avenues of appeal. And so the proper way to raise these questions is to wait final agency action, let the board decide the rehearing decision, and then either appeal to Eastern District of Virginia under Section 145 or to this court under Section 141 and raise the question there. But part of the reason for waiting for that is that may all be moot. The board has not made any decision on the examiner's request yet. Again, the odyssey may be successful in front of the board, once again, as regards the rehearing request. And all of this winds up being a tempest in a teapot that was completely unnecessary, which is entirely the reason that this court does not allow applicants to circumvent the appeal path set out in the Patent Act by going through the APA. Also relevant are this court's precedent in automated merchandising system, applying Bennett versus Spear. There has not been a consummation of agency decision making. No legal consequences have flowed yet. Again, odyssey may ultimately prevail here. We don't have a final decision from the board. And as the director cited on page 22 of his brief, note 8, this court said in GTNX, agencies have inherent authority to reconsider their decisions. And more specifically on rehearing requests themselves, the Supreme Court in Stone v. INS applied locomotive engineers and said a rehearing request renders an agency decision non-final. And that those would equally apply here. But again, I don't think we have to get there because this entire action is precluded, because it needs to be raised through 141 or 145, not through the Administrative Procedure Act. If your honors have no questions about the rulemaking challenge, I'll cede the rest of my time. If the board rules against odyssey and odyssey appeals, are we able to review or look at the procedural aspect of this case at that time? Yes. Under the automated merchandising systems reasoning, that's the appropriate time for this court to take up the question of whether an examiner... What would be the remedy? Let's say we say that the office was in error in this procedure. What would be the remedy? You would vacate the unfavorable portions of the reconsideration decision and remand to the agency for proceedings consistent with the original board's decision. That seems to me to be an awful lot of delay involved here. And I understand that the regulations, for example, allow for an examiner to request for re-hearing, but there seems to be something wrong in having an examiner take the amount of time in this case to reach a decision. It's reversed by the board and the re-examiner, I mean the examiner asks for re-hearing and in effect it's acting at its own appellate body at that time and it's asking for re-hearing and sends it back up to the board and we're still sitting here and odyssey doesn't have an answer and but yet years ago it should have perhaps been issued a certificate of allowance. I have two answers to your question, your honor. First of all, the pragmatic response is that we've taken a far longer path to get here via this APA case that was improper and was rightly dismissed than it would have taken to simply allow the board to decide the re-hearing decision and if there was an unfavorable result to have a proper appeal of that question before this court. And secondly, I mean isn't the real answer if patent applicants don't like this MPEP provision and don't like the fact that the director has given examiners this authority, they can ask the director to undertake a rulemaking and revoke this authority and if it comes out unfavorably then they can file an AP action over that. But as long as the director has the authority under a MPEP provision then the examiner is allowed to do it. That's correct. There are other avenues that would be open to the director to exercise correction over the board. I don't cases pending before this court, but those have been raised there as well. The director has means whether they are perfect or not of control over the board. The second part of my answer is that you could make that argument about any re-hearing or reconsideration request, whether it's before the agency or before this court. When a dissatisfied party before this court asks for panel re-hearing, asks for en banc re-hearing, and that has required to wait through that process when the opposing party would rather simply go straight to the Supreme Court, that slows the process down. But that's the process that we follow. And there's proper provision here for agent and there's inherent authority, as I said, for agencies to reconsider their decisions. There's a long-standing MPEP provision allowing this practice. It's not exercised without proper judgment. It requires very high-level approvals for it to happen, which is why it's a rare practice. And so I think that this court can be assured that this is not an action that the Patent Office takes lightly. Thank you, counsel. Thank you. Mr. Bauer has a little two minutes for rebuttal. Thank you, Your Honor. MPEP 1214.04 is not authority. It is the eternal document of the Patent Office that tells examiners how they should act. To answer your question, it does not impart authority. Why not? I mean, the director is authorized under a bunch of different statutes to prescribe these kind of rules that are precisely in the MPEP. And so it seems to me that he exactly can exercise this kind of authority and allow examiners to seek rehearing unless there's a statutory prohibition against it. And you have, I mean, I gave you a bunch of times on your opening argument a chance to point to a specific statutory prohibition against it, and you didn't. Do you have something that says the director can't promulgate these examination rules? I point to the Office of Regulation 4135, which states when the board's jurisdiction over the proceeding ends. There is recognized that the director does not have broad authority to review or change the board's decision. They can't appeal that decision. It can't change it. That was at stake in Allapatt, which was a timely request for a hearing. And again, Mr. Sawert has not provided any limitation on when this can be done. So Odyssey Logistics followed the procedure. They obtained the final action, which was the board's decision after 12 years. And we're told we can wait as much as five years more until we get the true final action. That board decision is a final action. You are correct that there is difficulty under petition for writ of mandamus. It's only for very unusual circumstances. We believe the APA applies because there is a clear framework here of how appeals... Sure, but you can, as I think your friend said, under the APA, have an action to compel agency action when there's been undue delay. But that's not what you filed here, is it? Well, no. We filed because... If you thought it was too long, then why didn't you file that? We filed because there's a framework where our remedy on substantive issues is to the board, and then it passes to the board, the examiner who carries that decision into effect. Under the Kaiser decision, that explicit language cannot be reinterpreted by the agency to its preferences. We believe the framework is clear. Everyone understands, and it's been the practice for several years, several decades, that requests for re-hearings have to be made within a certain period of time, one month to two months. I would remind this court that if it received a request for re-hearing five months after its judgment, it would be categorically rejected. No, we can extend the time sua sponte if we like. So it is not a statutory bar. That's exactly the point and why you're wrong. There is no statutory timeline for filing these. Unless, and the Supreme Court has made it very clear, unless it's an explicit statutory bar, agencies and courts have the option to grant extensions even out of time. So it is not true. As a matter of practice, yes, we would probably reject an out-of-time re-hearing petition, but we're not compelled to do so. And I would say that the decision on whether or not to grant the request for a hearing is really decided by the authority of the board, not by the director, because it's their decision, it's their finality, which they will hopefully, we'll all see enforced. Counselor? I'm sorry, my time? Your time is up. We'll take the case on revisement. Thank you.